[Cite as *State v. Walters*, 2014-Ohio-5297.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,            :

                                            No. 14AP-278

v.                                               :           (C.P.C. No. 13CR-05-2829)

Nathan T. Walters,                               :           (REGULAR CALENDAR)

      Defendant-Appellant.           :

D E C I S I O N

Rendered on November 26, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Todd W. Barstow*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Nathan T. Walters, appeals the March 7, 2014 judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a jury verdict finding appellant guilty of felonious assault in violation of R.C. 2903.11, a felony of the second degree. For the following reasons, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶ 2} On May 24, 2013, the state filed an indictment charging appellant with a single count of felonious assault in violation of R.C. 2903.11, a felony of the second degree. On January 29, 2014, following a jury trial, appellant was found guilty of felonious assault as indicted. On March 7, 2014, the trial court entered judgment imposing a sentence of three years' incarceration.

## II. Assignment of Error

{¶ 3}   Appellant appeals assigning the following single error for our review:

> APPELLANT WAS DENIED OF HIS RIGHT TO BE PRESENT AND TO THE PRESENCE AND ASSISTANCE OF HIS COUNSEL DURING A CRITICAL STAGE OF HIS JURY TRIAL, AND HIS RIGHT TO DUE PROCESS AND A FUNDAMENTALLY FAIR JURY TRIAL AS REQUIRED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS FIVE, TEN AND SIXTEEN OF THE OHIO CONSTITUTION AND OHIO RULE OF CRIMINAL PROCEDURE 43(a).

{¶ 4}   In his assignment of error, appellant asserts that the trial court erred by answering questions from the jury during its deliberations without the presence of appellant. The state responds that, by not objecting on this ground at trial, appellant has forfeited all but plain error. Further, the state contends that, because appellant's counsel was present and participating in all proceedings, including the discussion of the proper response to the jury's questions, appellant cannot show prejudice resulting from his absence.

{¶ 5}   Here, after the jury retired to the jury room and began their deliberations, they sent questions to the court, asking for clarification regarding the term "knowingly" and the applicability of self-defense. Outside of the presence of the jury and appellant, the trial court discussed how to answer the questions with counsel for both parties. Following discussion and without objection from either party, the trial court sent a written response that essentially told the jurors to rely upon the evidence and the previously given instructions.

{¶ 6}   "A defendant has a fundamental right to be present at all critical stages of his criminal trial." *State v. Jordan*, 10th Dist. No. 14AP-01, 2014-Ohio-3208, ¶ 19, citing *State v. Hill*, 73 Ohio St.3d 433, 444 (1995), citing Crim.R. 43(A) and the Ohio Constitution, Article I, Section 10. The United States Supreme Court has held that "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Crim.R. 43(A)(1) provides that the "defendant must be physically present at every stage of the criminal proceeding and

trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."

{¶ 7}   To establish a violation of the right to be present, the defendant must show that his presence at the proceeding had a reasonably substantial relationship to the opportunity to defend against the charge. *State v. Campbell*, 90 Ohio St.3d 320, 346 (2000), quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934) ("The question is whether 'his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' "). To the contrary, a defendant does not have the right to be present when such presence would not confer any potential benefit to defending against the charge. *Campbell* at 346.

{¶ 8}   Appellant relies on *State v. Shenoda*, 10th Dist. No. 01AP-1409, 2002-Ohio-4296, to support his contention that, because he had a right to be present at all critical stages of his trial, it was error for there to be communication between the court and jury outside his presence. In *Shenoda*, during its deliberations following trial, the jury sent several written questions to the trial court judge. In response, the judge entered the jury room with the court reporter and provided the jury with an oral summary of the testimony of a witness and reinstructed the jury. The defendant, his counsel, and counsel for the state were not present when the judge spoke to the jury. Upon review, we found plain error, stating that, "even if defense counsel was present and failed to object or agreed to the procedure employed, the trial court's actions in communicating with the jury without counsel or defendant present is so fraught with the possibility of prejudice that it constitutes plain error." *Id.* at ¶ 20.

{¶ 9}   Here, unlike in *Shenoda*, appellant's counsel was present and even conferred with the trial court regarding the questions from the jury. The record reflects that the trial court did not personally answer the questions outside of the presence of appellant but, instead, sent the court's bailiff to submit the written responses to the jury. Additionally, the trial court did not provide a summary of testimony to the jury or reinstruct them, but merely told the jury to refer to the previously given instructions. As a result, our holding in *Shenoda* is inapplicable to this case. Further, the questions at issue here were legal in nature. Appellant's presence, as a layperson, did not have a reasonably

substantial relationship to the opportunity to defend against the charge where his lawyer was present to advise on the legal questions.

{¶ 10} Accordingly, we overrule appellant's single assignment of error.

## III. Disposition

{¶ 11} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

O'GRADY, J., concurs.
KLATT, J., concurs separately.

KLATT, J., concurring separately.

{¶ 12} I agree with the majority decision to affirm the trial court's judgment. However, I reach this conclusion for a different reason.

{¶ 13} As noted in the majority decision, appellant's counsel participated in the discussion with the trial court concerning how the trial court should respond to the jury's question regarding the term "knowingly" and the applicability of self-defense. Following that discussion, and without objection from either party, the trial court sent a written response that essentially told the jurors to rely upon the evidence and the previously given instructions. Because there was no objection, appellant has forfeited all but plain error.

{¶ 14} Appellant makes no attempt to show prejudice. Nor do I discern any prejudice. The instructions previously given to the jury were not supplemented in any way. Appellant advances no argument as to how his presence would have contributed to the discussion. Under these circumstances, I do not find plain error. Therefore, I would affirm the trial court's judgment on this basis.

_____